STEEL *v.* FARRELL.

(49 Pac. 974.)

TRIFLING ERROR— APPEAL.—A cause will not be reversed for a trifling error — such $2.25.

From Union: ROBERT EAKIN, Judge.

Suit by R. M. Steel against John Farrell to foreclose a mortgage, resulting in a decree for plaintiff, from which defendants appeal.

AFFIRMED.

For appellants there was an oral argument by *Messrs. J. D. Slater* and *J. W. Knowles.*

For respondent there were briefs over the names of *C. H. Finn* and *Thos. H. Crawford,* with an oral argument by *Mr. Finn.*

PER CURIAM. The material facts are that on December 27, 1889, the defendants, John Farrell and Amanda, his wife, being indebted to the First National Bank of Island City, Oregon, in the sum of $3,975.25, executed to it their promissory note for that amount, and desiring to secure the payment thereof, and to obtain further credit, plaintiff, at their request, and for their accommodation, guaranteed to pay the same, and also agreed that, if any payments were made thereon by the makers, he would be liable for such future advances as might be made to them by the bank at any time within three years, not exceeding the amount specified in the obligation; and in consideration for the liability thus assumed Farrell and wife executed to him a mortgage upon certain real property, conditioned that if they made default in the payment of said note or advances, and plaintiff was compelled to pay the same, or any part thereof, the amount so paid should become a lien upon the said premises, and be foreclosed in the manner prescribed by law. On May 22, 1895, Farrell and wife owed the bank the sum of $3,327.40, and having made default in the payment thereof upon demand, plaintiff paid the same, and brings this suit to recover that amount and interest thereon at the rate of ten per cent. per annum, and to foreclose the lien of his

mortgage. The cause being at issue, a trial was had resulting in a decree as prayed for, from which the defendants appeal.

The defendants' counsel having failed to file a brief at the time this cause came on for trial, obtained permission to make an oral argument, and submit their brief within fifteen days, which have long since expired, without availing themselves of the privilege, notwithstanding which we have carefully examined the evidence, and conclude that it fully supports the findings of the trial court. The record shows that, in addition to the original debt, the defendants were charged with certain sums of money paid at their request on account of taxes levied upon the mortgaged premises, premiums paid for keeping the buildings thereon insured, repairs on the buildings, and the cost of a barn built upon said premises, which, at the time the mortgage was executed, were leased to certain persons, and, as additional security, defendants assigned to plaintiff these leases and the rents accruing thereunder, which when collected, were credited upon the debt to the bank, and this credit was further augmented by money received from an insurance company on account of the loss by fire of a building erected upon the demised premises. Interest at ten per cent. was computed upon the additional indebtedness, and a like rate allowed upon the credits until they exceeded the interest, when they were applied in reducing the principal. In one instance, however, under the date of April 13, 1892, a credit of $41.65 is allowed on account of rent collected, while a charge of $43.89 is made on account of interest,

thereby increasing the principal, but in such a small degree as to work no appreciable injury.

Based upon this computation, plaintiff was compelled to pay the bank, under his guaranty, the sum demanded by it, which, at ten per cent. interest, amounts to the sum awarded him in the decree. Counsel for defendants contended, at the argument, that the contract entered into between the parties was to apply the rents collected to the payment of the original debt, and, had this agreement been observed, and the amount received on account of insurance applied in the same manner, plaintiff's liability would have been discharged. Examining the mortgage executed by Farrell and wife, it shows that plaintiff not only guaranteed the payment of the original debt, but also obligated himself to pay all other sums, not exceeding the original amount, that might be advanced by the bank for a period of three years from the date of the mortgage. A fair construction of the terms of this contract leads us to the conclusion that it was understood between the parties to it that, if defendants received additional sums from the bank, the rents so collected should be first applied to the payment of such sums. The original note became due six months after its execution, and bore interest from maturity at the rate of ten per cent. per annum, and the same rate was charged upon all sums so advanced by the bank. While the contract does not particularly specify what rate was chargeable on account, yet it appears that defendants were aware of and practically assented to the computation at the rate adopted. It also appears that Amanda Farrell conveyed to plaintiff one hun-

dred and sixty acres of land which it is claimed he agreed to accept as a payment of the sum of $1,000 on account of his assumed liability before it had attached. This land, at the time it was so conveyed, was incumbered with a mortgage, and also attached for the grantor's debt; and, while the evidence is quite conflicting, we think there was no agreement to accept this tract as a payment, but the plaintiff holds the legal title thereto in trust for this defendant upon the repayment of his debt and interest. We think the decree complained of is fully supported by the evidence, and hence it follows that it must be affirmed, and it is so ordered.

AFFIRMED.